
FILED

January 18, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:55 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Samuel Panzarella | ) | Docket No. 2015-01-0383 |
| | ) | |
| v. | ) | State File No. 79681-2015 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

---

### Vacated and Remanded - Filed January 18, 2017

---

In this appeal, the employer challenges the trial court's decision to treat the proceeding before it as an expedited hearing rather than a trial on the merits. It also disputes the trial court's determination that the employee would likely prevail at a hearing on the merits in establishing that his injury arose primarily from a hazard incident to his employment, and it disputes the court's award of medical and temporary disability benefits. The employer denied the claim, contending the employee's injury was idiopathic. Following a trial on the merits, the court determined that, because the employee was not at maximum medical improvement, the trial would be treated as an expedited hearing pursuant to Tennessee Code Annotated section 50-6-239(d). The court found the employee was likely to prevail at a hearing on the merits and awarded medical and temporary disability benefits. The employer has appealed. We vacate the trial court's decision and remand the case for the trial court's determination of the benefits, if any, to which the employee is entitled based upon the proof presented at the trial on the merits.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, Amazon.com, Inc.

Robert A. Wharton, Jr., Chattanooga, Tennessee, for the employee-appellee, Samuel Panzarella

**Factual and Procedural Background**

Samuel Panzarella ("Employee") alleged that he suffered an injury to his left knee arising primarily out of and occurring in the course of his employment with Amazon.com, Inc. ("Employer"). He alleged that while he was working third shift on the night of August 20-21, 2015, he bent down to pick up a piece of paper from the floor and twisted his knee, causing him to fall to his knees with his left knee hitting the floor before his right knee. He reported the injury immediately and sought first aid at AmCare, Employer's on-site clinic. In a Non-Occupational Complaint Report Employee completed at AmCare, he stated the reason for his visit was "muscle spasms in calf that radiate to behind the knee, caused loss of balance two times."

The following morning, Employee sought treatment from his primary care provider, a physician's assistant at Fast Access Healthcare. He complained of left leg and knee pain that began at work. He reported that he had chronic pain in his right ankle and that "compensating on [his left] leg [] caused a fall onto [his left] knee." After four visits with the physician's assistant, an MRI was obtained that indicated a possible meniscal injury, and on September 22, 2015, the physician's assistant referred Employee for an orthopedic evaluation. Although the record is unclear as to Employee's selection of a panel physician, it appears that Employee chose Dr. Barry Vaughn from a panel given to him verbally while on a conference call with his attorney and Employer's insurance carrier.

Employee saw Dr. Vaughn on November 24, 2015. The report of the visit includes the following:

> Patient reports leaning forward to pick up a piece of paper at work. When he twisted his left knee, he felt a tearing sensation in the posteromedial aspect. His knee then gave way and he fell onto the knee applying a valgus stress to the knee. He has had left knee pain with swelling, popping and giving way since the injury. He was seen by his primary care physician . . . [and] also had MRI. Exam is auspicious for medial meniscus tear as well as MCL sprain.

Dr. Vaughn recommended surgery, but Employer authorized no additional medical care. On January 22, 2016, Employer denied the claim, asserting that Employee's injury was idiopathic.

Employee filed a petition for benefit determination on November 6, 2015. At an initial hearing on February 1, 2016, the parties advised the court that Employee was seeking medical and temporary disability benefits and that the case was, therefore, not

ready for setting deadlines typically included in initial hearing orders.[1] Nonetheless, in an order entered on February 4, 2016, the parties agreed to specific scheduling dates, including a February 5, 2016 date for Employee to "file a Request for Expedited Hearing form contemporaneously with a signed affidavit." The order stated that "[c]ontingent upon [Employee] timely filing a Request for Expedited Hearing, the parties agreed to schedule an Expedited Hearing in this matter." It set the expedited hearing for April 27, 2016, and included specific discovery deadlines in anticipation of that hearing.

On April 5, 2016, Employer requested a status conference, as Employee had not filed a request for an expedited hearing and had not responded to discovery within the timeframes as previously ordered. On April 6, 2016, the court issued an order scheduling an initial hearing on April 27, 2016, the date that the expedited hearing had previously been set, noting that Employee's counsel did not "want an expedited hearing" and that Employee "violated the Agreed Order entered . . . on February 4, 2016" by failing to file a request for expedited hearing. The court's April 6, 2016 order additionally noted Employee's "readiness to proceed with a 'real trial.'" On May 2, 2016, an initial hearing order was issued scheduling the case for a trial on the merits on July 28, 2016. The order additionally established dates by which the parties were to complete discovery and various procedural matters.

On July 5, 2016, the trial court amended the initial hearing order, observing that Employee's attorney had requested the July 28, 2016 trial be postponed due to family circumstances. The order rescheduled the trial for September 20, 2016, and noted the parties' agreement to depose Dr. Vaughn on July 13, 2016 and to participate in mediation by August 19, 2016. In addition, the order provided that pre-hearing statements would be filed on or before September 6, 2016. On September 19, 2016, the trial court issued an order cancelling the September 20, 2016 trial due to Employee's failure to file the documents required by the court's previous orders that were necessary to proceed with a trial. Ultimately, a trial was held on October 28, 2016. On November 23, 2016, the trial court issued an expedited hearing order finding that "the disputed issue of permanent partial disability is not ripe for decision and, therefore, [the court] cannot enter a final order resolving all disputed issues." The court determined that "[b]ecause the evidence submitted at the hearing did not address the permanency of [Employee's] injury, the Court cannot consider the October 28 hearing to be a Compensation Hearing." The court

---

[1] At the time of the February 1, 2016 initial hearing, the Bureau's regulations addressing Mediation and Hearing Procedures defined initial hearing as follows: "With the exception of a hearing of temporary disability or medical benefit issues conducted on an expedited basis, an initial hearing shall be the first hearing before a workers' compensation judge where the judge will consider issues related to the efficient processing of the case." Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2015). November 2016 revisions to the regulations no longer defined "initial hearing," but instead defined "scheduling hearing" as follows: "With the exception of an expedited hearing, a scheduling hearing shall be the first hearing before a workers' compensation judge where the judge will consider issues related to the efficient processing of the case." Tenn. Comp. R. & Regs. 0800-02-21-.02(20) (2016).

also determined that Employee was likely to prevail at a hearing on the merits in establishing he suffered a compensable injury and awarded temporary disability and medical benefits.

Employer has appealed, arguing the trial court erred in treating the October 28 trial as an expedited hearing and in awarding benefits. For the reasons that follow, we vacate the trial court's November 23, 2016 expedited hearing order and remand the case for the trial court's determination of the benefits due Employee, if any, based on the proof presented at the October 28 trial on the merits. Our resolution of this issue pretermits all other issues raised in the appeal.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

Tennessee Code Annotated section 50-6-239 provides the mechanism by which workers' compensation judges conduct hearings and issue orders awarding or denying benefits. Section 50-6-239(c)(6) specifies that "the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." By contrast, at expedited hearings addressing "disputes over issues provided in the dispute certification notice concerning the provision of temporary disability or medical benefits," a judge may award such benefits "upon determining that the injured employee would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1) (2015).

We first addressed these differing burdens of proof in *McCord v. Advantage Human Resourcing*, where we stated,

4

Thus, subsection 239(d)(1) establishes a different standard of proof for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. Contrary to Employer's position, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, as reflected in the plain language of subsection 239(d)(1), the judge may issue an interlocutory order upon determining that the employee would likely prevail at a hearing on the merits.

*McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Work. Comp. App. Bd. LEXIS 6, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). We held in *McCord* that "an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits." *Id.* at *9. We subsequently described the burden of proof on an employee in an expedited hearing as a "lesser evidentiary standard." *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Here, following a full evidentiary hearing on the merits, the trial court concluded that "[b]ecause the evidence submitted at the hearing did not address the permanency of [Employee's] injury, the Court cannot consider the October 28 hearing to be a Compensation Hearing."[2] However, at the outset of the trial the judge read aloud the parties' stipulations, including the stipulation that "[t]he employee has not reached the maximum level of medical improvement." The trial judge asked the parties, "[d]oes that sound accurate to everyone," and both parties responded affirmatively. By determining after the trial had concluded that it would "treat the hearing as an expedited, or interlocutory, hearing pursuant to Tennessee Code Annotated section 50-6-239," the court effectively lessened Employee's burden of proof. Thus, Employee was able to avoid the mandate of section 50-6-239(c)(6) that "at a hearing the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." It is clear from the record that the parties requested a trial on the merits and participated in the October 28, 2016 hearing believing it to be a trial on the merits at which Employee would be required to prove the essential elements of his claim by a preponderance of the evidence. When the case was tried, the parties were unaware that Employee would not be required to prove his case by a preponderance of the evidence. Employer asserts that its strategy at trial differed from the strategy it would have

---

[2] "Compensation Order" is defined as "an order by a workers' compensation judge following conclusion of a full evidentiary hearing or a decision on the record . . . ." Tenn. Comp. R. & Regs. 0800-02-21-.02(7) (2016).

employed at an expedited hearing.  Employer's legitimate belief that it was participating in a trial on the merits could reasonably have been a factor in its decision not to present witnesses or affidavits that it might have presented at an expedited hearing.

We agree with Employer that the trial court did not have the discretion following a trial on the merits to treat the proceeding as an expedited hearing, and that Employer was prejudiced by the trial court's decision to do so after the fact.  Due to its post-trial decision to treat the proceeding as an expedited hearing and not a trial on the merits, the trial court did not address whether Employee met his burden of proving by a preponderance of the evidence "each and every element of the claim."  It is not for us, in the first instance, to determine the benefits due Employee, if any, based upon the evidence presented at the trial.  *See Fritts v. Anderson Cty. Election Comm'n.*, No. E2003-00015-COA-R3-CV & No. E2002-03118-COA-R3-CV, 2003 Tenn. App. LEXIS 564, at *8 (Tenn. Ct. App. Aug. 11, 2003) ("It is inappropriate for this Court to assume the role of original fact finder, even if the factual record appeared complete.").  Accordingly, we must vacate the trial court's order and remand the matter for the trial court to determine the benefits due Employee, if any, based upon the evidence presented at the October 28, 2016 trial.[3]

## Conclusion

For the foregoing reasons, we vacate the trial court's order and remand the case for the determination of the benefits due Employee, if any, based upon the evidence presented at the October 28, 2016 trial.

---

[3] On January 10, 2017, Employer filed a motion requesting that the record on appeal be supplemented with several pages of the trial transcript that were inadvertently omitted.  The motion is granted, and the record has been supplemented with the missing pages.

**FILED**

**January 18, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:55 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Samuel Panzarella | ) | Docket No.    2015-01-0383 |
| | ) | |
| v. | ) | State File No.   79681-2015 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of January, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Robert A. Wharton, Jr. | | | | | X | wharton@hjwlawfirm.com |
| W. Troy Hart | | | | | X | wth@mijs.com |
| Audrey A. Headrick, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov